WOODLEY & McGILLIVARY　　　　　　　　PITTA & GIBLIN, LLP
Gregory K. McGillivary　　　　　　　　　　Vincent M. Giblin
Diana Nobile　　　　　　　　　　　　　　120 Broadway
1101 Vermont Ave.　　　　　　　　　　　28th Floor
Suite 1000　　　　　　　　　　　　　　　New York, New York 10271
Washington, D.C. 20005　　　　　　　　Tel: (212) 652-3883
Tel: (202) 833-8855　　　　　　　　　　Fax: (212) 652-3891
Fax: (202) 452-1090

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MANUEL GONZALEZ　　　　　　　　:
1117 N. WASHINGTON AVE.　　　　 :
GREEN BROOK, NJ 08812　　　　　　:
　　　　　　　　　　　　　　　　　　　:
MICHELLE CAMPBELL　　　　　　　 :
208 HOCKENBURY ROAD　　　　　　:
HIUSBOROUGH, NJ 08844　　　　　　:
　　　　　　　　　　　　　　　　　　　:
KAUSTUV DATTA　　　　　　　　　　:
18 LORALI WAY　　　　　　　　　　 :
MONROE TOWNSHIP, NJ 08831　　　:
　　　　　　　　　　　　　　　　　　　:
QUINN ELAM　　　　　　　　　　　　:
403 BERKELEY AVE.　　　　　　　　 :
BLOOMFIELD, NJ 07003　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
DICK GALARZA　　　　　　　　　　　:
374 GETTY AVE., APT B　　　　　　　:
PATERSON, NJ 07503　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
JOSEPH JOHNSON　　　　　　　　　:
22 JOHNSTON DRIVE　　　　　　　　:
FUMINGTON, NJ 08822　　　　　　　 :
　　　　　　　　　　　　　　　　　　　:
FRANK LAY　　　　　　　　　　　　　:
90 ELLISDALE ROAD　　　　　　　　 :
ALLENTOWN, NJ 08501　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
HUMBERTO MORIN　　　　　　　　　:
445 RIDGE STREET　　　　　　　　　:
NEWARK, NJ 07104　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:

| | |
|---|---|
| SAMUEL PAULS                     : | |
| 320 MANNING AVE.                 : | |
| SOUTH PLAINFIELD, NJ 07080       : | |
|                                  : | |
|        AND                       : | |
|                                  : | |
| CLAYTON PETERS                   : | |
| 180 CORTLAND LANE                : | |
| BEDMINSTER, NJ 07921             : | |
|                                  : | Civil Action No. |
|        Plaintiffs,               : | |
| v.                               : | DEMAND FOR JURY TRIAL |
|                                  : | |
| WELLS FARGO HOME                 : | |
| MORTGAGE, INC. and WELLS         : | |
| FARGO BANK, N.A.                 : | |
|                                  : | |
|        Defendants.               : | |
|                                  : | |

## COMPLAINT

1.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).  Venue lies within this district pursuant to 28 U.S.C. § 1391.

2.      Plaintiffs further allege that defendants have had sufficient contacts with the State of New Jersey for this Court to exercise jurisdiction over it.

3.      The plaintiffs are employees or former employees for the defendants, and bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act ["FLSA"] against the defendants on behalf of themselves and all others similarly situated because of defendants' unlawful deprivation of plaintiffs' rights to overtime compensation.  Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended, 29 U.S.C. § 201 et seq.

2

4. Plaintiffs Manuel Gonzalez and the other plaintiffs named in the caption above, Michelle Campbell, Samuel Pauls, Quinn Elam, Kaustuv Datta, Dick Galarza, Humberto Morin,, Clayton B. Peters, Franklin Lay and Joe Johnson bring this action on behalf of themselves and a class of similarly situated persons as a Rule 23 class action because of defendants' unlawful deprivation of plaintiffs' rights to overtime compensation pursuant to the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a et seq. Plaintiffs seek compensation, damages, equitable and other relief available under the NJWHL, N.J.S.A. § 34:11-56a et seq. The proposed class includes:

> All current and former employees of defendants who have worked in the positions of home mortgage consultant, HMCs, loan officer and /or loan originator at any time since April 18, 2009.

## PARTIES

5. Defendant Wells Fargo Home Mortgage, Inc. is a private corporation which is licensed to do business in New Jersey and is a business entity in New Jersey. Defendant Wells Fargo Bank, N.A., which is headquartered in California, is the corporate entity responsible for and derives profits from the business activities in New Jersey of Wells Fargo Home Mortgage, Inc. Wells Fargo Home Mortgage, Inc. is licensed as a mortgage broker in New Jersey. At all times relevant, Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank employed the plaintiffs in positions referred to as Home Mortgage Consultants, HMCs, loan officers and/or loan originators.

6. Plaintiffs Manuel Gonzalez, Michelle Campbell, Samuel Pauls, Quinn Elam, Kaustuv Datta, Dick Galarza, Humberto Morin, Clayton B. Peters, Franklin Lay and Joe Johnson all reside in New Jersey. Plaintiffs are current and former employees employed as home mortgage consultants, HMCs, loan originators and/or loan officers by

3

Wells Fargo Home Mortgage, Inc. and Wells Fargo Bank.  Plaintiffs have been identified in the caption of this Complaint and have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Such consents are appended to the Complaint.

7.      All of the named Plaintiffs were routinely required to work in excess of the statutory and regulatory overtime thresholds without receiving proper overtime compensation under the FLSA.  In addition, plaintiffs were routinely required to work in excess of the statutory and regulatory overtime thresholds without receiving proper overtime compensation under both the FLSA and New Jersey law.  Plaintiffs bring this action on their own behalf and on behalf of all other such employees and former employees similarly situated as a § 216(b) collective action pursuant to the FLSA and as a Rule 23 class action pursuant to New Jersey law.

8.      At all times material herein while employed by defendant Wells Fargo Home Mortgage, Inc. and Wells Fargo Bank plaintiffs were engaged in activities in interstate commerce.

9.      Defendant Wells Fargo Home Mortgage, Inc is an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).  Defendant Wells Fargo Bank, N.A. is an "employer" within the meaning of 29 U.S.C. §203(d) and a "person" within the meaning of 29 U.S.C. § 203(a).  Together, defendant Wells Fargo Home Mortgage, Inc., and defendant Wells Fargo Bank, N.A. are joint employers of the plaintiffs within the meaning of the FLSA.

10. At all times material to this action, defendant Wells Fargo Home Mortgage, Inc has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

11. At all times material to this action, defendant Wells Fargo Bank, N.A. has been an enterprise engaged in commerce as defined by 29 U.S.C. § 203(r)(1), and its annual dollar business volume has exceeded $500,000.

12. At all times material herein, defendant Wells Fargo Bank, N.A. has been headquartered in California, and has been actively conducting business in the State of New Jersey

13. At all times material herein, defendant Wells Fargo Home Mortgage, Inc has been headquartered and actively conducting business in the State of New Jersey.

14. Defendant Wells Fargo Home Mortgage, Inc. is an "employer" within the meaning of the New Jersey Wage and Hour Laws, N.J.S.A. § 34:11-56a1(g). Defendant Wells Fargo Bank, N.A. is an "employer" within the meaning of the New Jersey Wage and Hour Laws, N.J.S.A. § 34:11-56a1(g).  Together, defendant Wells Fargo Home Mortgage, Inc. and defendant Wells Fargo Bank, N.A. are joint employers of the plaintiff within the meaning of the New Jersey Wage and Hour Laws.

15. Plaintiffs are current and former employees of defendants within the meaning of the New Jersey Wage and Hour Laws, N.J.S.A. § 34:11-56a1(h).

## FACTUAL ALLEGATIONS

16. Defendant Wells Fargo Home Mortgage, Inc. is a licensed mortgage broker operating in New Jersey.

17. Defendant Wells Fargo Bank, N.A., is a bank that has sufficient contacts with and control over defendant Wells Fargo Home Mortgage, Inc., to be a joint employer and through the defendant Wells Fargo Home Mortgage, Inc., defendant Wells Fargo Bank, N.A. derives profits through its mortgage lending practices with respect to mortgages on homes in New Jersey.

18. Over the past three years, and earlier, defendants have consistently deprived plaintiffs and other employees who occupy the same or similar positions as plaintiffs of overtime compensation through such policies and practices as requiring plaintiffs and other employees who occupy the same or similar positions as plaintiffs to work in excess of 40 hours in a workweek without providing them with the premium overtime compensation mandated by law;

19. Plaintiffs and class members' employment and work records are in the exclusive possession, custody, and control of defendants. For that reason, Plaintiffs and class members are unable to state at this time the exact amount owed to each of them.

## FIRST CLAIM

## <u>VIOLATION OF THE FAIR LABOR STANDARDS ACT</u>

20. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 19 of the Complaint.

21. At all times material herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 <u>et</u> <u>seq</u>.

22. At all times material herein, plaintiffs have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. As a result, at all times material herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of overtime they have worked.

23. 29 U.S.C. § 207(a)(1) provides that employees shall be paid overtime compensation at a rate of not less than one and one-half times their regular rate of pay for hours worked in excess of 40 hours per week.

24. At all times material herein, defendants have violated, and is continuing to violate, 29 U.S.C. § 207(a)(1) by failing and refusing to compensate plaintiffs and other persons working for defendants in positions referred to or titled by defendants as home mortgage consultant, HMC, loan officer and/or loan originator and equivalent positions for their hours of work in excess of 40 hours per work week at a rate of not less than one and one-half times the regular rate at which the plaintiffs are employed.

25. Defendants' violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

26. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by defendants from plaintiffs and similarly

situated persons for which the defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and the costs of this action.

27. The employment and work records for the plaintiffs are in the exclusive possession, custody, and control of defendants, and plaintiffs are unable to state at this time the exact amount owed to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain and preserve plaintiffs' payroll and other employment records from which the amounts of the defendant's liability can be ascertained.

## SECOND CLAIM

### VIOLATION OF NEW JERSEY WAGE AND HOUR LAWS

28. Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 27 of the Complaint.

29. Plaintiffs Manuel Gonzalez, Michelle Campbell, Samuel Pauls, Quinn Elam, Kaustuv Datta, Dick Galarza, Humberto Morin, Clayton B. Peters, Franklin Lay and Joe Johnson bring this action on behalf of themselves and members of a Rule 23 class action.

30. The class involves hundreds of employees. As such, a class action is the superior method for resolution of the claims asserted herein as the class is so numerous that joinder of all class members would be impracticable.

31. The claims of the class representatives are typical of those claims that would be asserted by class members and the relief sought is typical of the relief that each class member could seek if he or she pursued the case on his or her own. The damages

sought are the result of corporate-wide practices that similarly affect all members of the class.

32. The class representatives will fairly and adequately protect the interests of the class. The plaintiffs are represented by counsel who are experienced in class actions and have previously represented thousands of plaintiffs in wage and hour cases.

33. Common questions of law and fact predominate over any questions affecting only class members including:

    a. Whether defendants failed to compensate class members for time worked in excess of 40 hours in a work week; and

    b. What damages are owed to the class members.

34. A class action is superior to the prosecution of individual actions for at least the following reasons: (a) a single case will resolve multiple claims which involve the same questions of law and fact; (b) class treatment allows for the resolution of claims on behalf of individuals who would not otherwise have the resources to maintain litigation against a large corporation; and (c) absent class treatment, employees may be reluctant to bring a claim for fear of retaliation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and other similarly situated employees, pray for relief and judgment against defendants as follows:

## **FIRST CLAIM**

1. Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated their statutory and legal obligations and deprived plaintiffs and

9

all others who are similarly situated of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

  2. Order a complete and accurate accounting of all the compensation to which the plaintiffs and all others who are similarly situated are entitled;

  3. Award plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages under federal law equal to their unpaid compensation; plus pre-judgment and post-judgment interest;

  4. Award plaintiffs and all others who are similarly situated their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action; and

  5. For such other and further relief as this Court may deem just and appropriate.

## **SECOND CLAIM**

  6. Enter a declaratory judgment declaring that the defendants have willfully and wrongfully violated their statutory and legal obligations and deprived plaintiffs and class members of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

  7. Order a complete and accurate accounting of all the compensation to which the plaintiffs and class members are entitled;

  8. Award plaintiffs and class members monetary damages in the form of back pay compensation and benefits; unpaid entitlements; pre-judgment and post-judgment interest;

9. Award plaintiffs and class members their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

10. For such other and further relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date:   April 14, 2011

Respectfully Submitted,

/s/ Vincent M. Giblin
Vincent M. Giblin
PITTA & GIBLIN, LLP

/s/ Diana J. Nobile
Gregory K. McGillivary
Diana J. Nobile
WOODLEY & McGillivary
Attorneys for Plaintiffs